## STREETER *v.* SUMNER & *a.*

Where labor and materials are bestowed upon land under •a contract that the party so bestowing them shall be paid for them as much as the improvements he makes upon the land shall be worth, he cannot recover for such labor and materials in general *indebitatus assumpsit*, the contract remaining unrescinded.

So if the contract contain a condition upon the happening of which he is to receive no such compensation.

ASSUMPSIT. The case was referred to three auditors, from whose report the following facts appeared.

The plaintiff presented an account annexed to his writ, consisting of eleven items, and offered evidence tending to prove that the defendants owned certain premises in Dalton, consisting of a small opening of fifteen or twenty acres, and an unfinished house, situated near Round pond, on which there was no water, better than the water in said pond, a mile or more from any inhabitant, and to which there was an extremely poor road ; that these premises were designed as a depot for the hands and teams of the defendants, when engaged in lumbering in that vicinity ; that the defendants owned considerable timber land in that vicinity, and were in the habit of drawing lumber therefrom in the winter season of each year, for several years ; that this timber land was in the vicinity of the premises above described, and it was necessary to have some one reside on the premises for the above purposes ; that in the winter of 1839, the defendants proposed to the plaintiff to move on said premises, and remain there five or six years, and that the defendants, to induce the plaintiff to do so, promised him that if he would move there and remain five or six years, they would make him whole ; that they would pay him an extra price for boarding their hands and furnishing hay and oats for their teams ; that the plaintiff might make as good a farm as he pleased, and as quick as he pleased, the quicker the better, and if the defendants did not put the land to the

plaintiff so that he was willing to take it, the defendants would pay the plaintiff all he had made the land better.

The auditors found the facts that in July, 1839, the defendants, to induce the plaintiff to go upon the premises for the purposes aforesaid, agreed with and promised the plaintiff that if he would move there he should lose nothing thereby, but should be made whole; and if the defendants did not put the land to the plaintiff so that he was willing to take it, they would pay the plaintiff all he made the land better; that the plaintiff did move upon the premises in February, 1839, and remained there until 1845–6, when he became dissatisfied and left. They found that the agreement was verbal.

The auditors allowed certain claims of the plaintiff, amounting to $390, and also allowed $15,48 interest thereon. These claims were for clearing land, fencing land, building a shed, digging and stoning a well, building a barn frame, and for 6,000 feet of boards and plank.

The defendants excepted to the report, that the work and labor, materials and expenditures, charged in the plaintiff's account and allowed by the auditors, were done and incurred without the request of the defendants, upon land of which the plaintiff was in the occupation, under a contract to purchase of the defendants.

Also that the action should have been brought upon the special contract, proved by the plaintiff to recover the value of the betterments made by him.

*Bellows*, for the defendants.

The count should have been upon the special contract. The plaintiff was entitled to compensation for what he had made the farm better. This he cannot recover under a count for work and labor and materials found. Betterments are the result of labor and materials found. The plaintiff is not entitled to pay for labor and materials.

---
---

*Mitchell* v. *Gill,* 12 N. H. Rep. 390; *Moore* v. *Ross,* 7 N. H. Rep. 528; *Burlingame* v. *Burlingame,* 7 Cowen 92.

*Cooper,* for the plaintiff.

If the special agreement be performed, and money is due thereon, general counts are sufficient. 1 Chit. Pl. 339, 340, 343; 2 Stark. Ev. 71; 2 Stark. Ev. 1297; Chit. on Con. 569; 11 Wend. 477; *Wilson* v. *George,* 10 N. H. Rep. 445; 12 N. H. Rep. 390.

WOODS, J. The principal question, in this case, relates to the sufficiency of the form of the remedy adopted. The action is assumpsit on an account annexed to the writ, containing eleven items of work and labor done and goods sold to the defendants. The claim, by the plain admission of the plaintiff and the report of the auditors, arose out of a special contract between the parties to the action, and is for services rendered and materials found in pursuance of it.

The contract was, in substance, that if the plaintiff would move to a certain piece of the defendants' land, and remain upon it five or six years, he should lose nothing thereby, but should be made whole, and if the defendants did not put the land to him so that he should be willing to take it, they would pay him all that he should make the land better. More briefly, it was a contract that if the plaintiff would move to the defendants' land, and remain upon it five or six years, he should lose nothing, but be made whole, and the defendants would pay the plaintiff the value of any betterments he might make upon the premises, provided he did not purchase the land at a price to be proposed by the defendants.

Such being the contract, was it necessary to declare upon it specially, or was the general count sufficient? The rule is, that where the plaintiff's claim does not sound in damages, but is for a definite fixed sum, the general count is sufficient. As where one party agrees to do certain work,

and the other agrees to pay a certain sum of money, and when the work is done the latter refused to pay the money; in such case, a debt has accrued, and nothing remains but to pay the sum of money fixed and ascertained by the terms of the contract, to be paid upon the completion of the work.

But where the goods are sold or labor performed, to be paid for wholly or in part otherwise than in money, the contract still remaining open and unrescinded, as a general rule the action for the breach of it must be upon the special agreement. *Hard's Case*, 1 Salk. 23.

Perhaps on principle and in analogy to the case in which the payment is to be in money and the sum ascertained, if the payment be to be made in something other than money, but at a rate and price fixed by the terms of the contract, in such case the general count would be sufficient. Such was the case in *Forsaith* v. *Jervis*, 1 Stark Rep. 437, at *nisi prius*.

In the present case, the plaintiff performed. certain labor and furnished certain materials in making improvements upon the defendants' land, and the same were to have been paid for in money; but the amount of money was not fixed by the contract, but was to be determined by the value of the improvements. It was, in fact, not a contract or agreement on the part of the defendants to pay the plaintiff for his labor and materials at any price, except the value of the improvements which should be made by means of such labor and materials.

There was, moreover, a condition annexed to this, that the plaintiff should not take the land at a price to be set by the defendants.

Every thing regarding the compensation which this plaintiff was to receive for his labor and materials was left, by the terms of the contract, open and uncertain. Whether he should receive any thing at all, depended upon whether he made the farm better, and whether or not he should pur-

chase it, and there is nothing in the general count to show how either of these facts were.

For these causes we are of opinion that the action, in its present form, cannot be maintained.

*Judgment for the defendants.*